**FILED**
**Dec 04, 2020**
**07:15 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Leonardo Calderon-Fuentes,** | ) | **Docket No. 2018-06-1735** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CEVA Logistics U.S. Holdings,** | ) | **State File No. 58665-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **New Hampshire Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

This case came before the Court on December 2, 2020, for a compensation hearing. CEVA Logistics moved for involuntary dismissal of the case after Leonardo Calderon-Fuentes testified regarding an injury he suffered while working. CEVA cited a lack of medical proof showing that the injury arose primarily out of employment. The Court agrees and for the reasons below, grants the motion.

### Claim History

Mr. Calderon-Fuentes drove a forklift at work on July 25, 2018, and he testified he collided with another forklift driven by a coworker. They called a supervisor to report the accident.

A few days later, Mr. Calderon-Fuentes asked to see a doctor. CEVA authorized treatment at an occupational clinic until it denied the claim on August 13. Afterward, he treated on his own.

For medical proof, Mr. Calderon-Fuentes provided records from three visits to the occupational clinic and work excuses. Records from the first visit state that the accident happened at work on July 25 and he "was on forklift was hit by another forklift." However, no provider stated that the injury arose primarily out of employment or words to that effect. Aside from introducing "Return to Work" forms excusing him from work, Mr. Calderon-

1

Fuentes did not introduce any other medical records. Importantly, his medical proof did not include either a physician's deposition or a Form C-32 in lieu of deposition.

**Findings of Fact and Conclusions of Law**

At a compensation hearing, Mr. Calderon-Fuentes must show he suffered an injury as it is defined in the Workers' Compensation Law. The law defines an accidental injury as one "caused by a specific incident . . . arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]" Further, he must prove through an expert medical opinion that the work-related incident more likely than not contributed more than fifty percent in causing the injury. *See* Tenn. Code Ann. § 50-6-102(14)(A)-(C) (2019).

Here, Mr. Calderon-Fuentes credibly testified that on July 25, 2018, he was driving a forklift at work when another forklift collided with his, causing his injury. This account of his injury is documented in the medical records. Therefore, the Court finds he proved a specific incident arising in the course and scope of employment.

However, that does not end the inquiry. Mr. Calderon-Fuentes must also prove with medical testimony that his injury primarily arose out of his employment. It is on this basis that CEVA moved for an involuntary dismissal."[1] Specifically, it argued that Mr. Calderon-Fuentes did not offer an opinion from a medical expert that his injury arose primarily out of employment, so he is not entitled to his requested relief. CEVA is correct.

The medical proof is insufficient. The clinic notes do not state that Mr. Calderon-Fuentes's injury arose "primarily out of employment" or use similar words relating the injury to work. He also did not present a physician's opinion on Form C-32 or by deposition testimony linking the injury to work. *See* Tenn. Code Ann. § 50-6-235(c)(1). In sum, the Court agrees with CEVA that no medical expert gave the opinion that Mr. Calderon-Fuentes's injury arose primarily out of and in the course and scope of his employment at CEVA. He has not shown a right to relief.[2] Although the result likely strikes him as harsh, given the facts and law, the Court must grant the motion to dismiss.

---

[1] A party may seek an involuntary dismissal after the plaintiff has presented his case "on the ground that upon the facts and law the plaintiff has shown no right to relief." Tenn. R. Civ. P. 41.02(2) (2020).

[2] Mr. Calderon-Fuentes moved for a continuance to obtain additional proof. CEVA opposed it, arguing that he had sufficient time to obtain his evidence over the past two and one-half years. The Court agreed. In the July 20, 2020 status hearing, the Court explained that Mr. Calderon-Fuentes needed additional medical proof, in the form of either a Form C-32 or deposition transcript. The Court gave him a deadline, which he did not meet. *See* T.R. 4, 5.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1.  Mr. Calderon-Fuentes's claim is dismissed with prejudice to its refiling.

2.  Costs of $150.00 are assessed against CEVA under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (August, 2019), for which execution might issue as necessary.

3.  CEVA shall file a completed Form SD-2 within five days after this order becomes final.

4.  Unless appealed, the order shall become final thirty days after issuance.

    **ENTERED December 4, 2020.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1.  Affidavit of Mr. Calderon-Fuentes
2.  First Report of Injury
3.  Panel
4.  Wage statement and post-injury wages
5.  Notice of Denial
6.  Medical Records

Technical Record:
1.  Petition for Benefit Determination
2.  Dispute Certification Notice, April 17, 2019
3.  Expedited Hearing Order
4.  Order on Status Hearing, July 20, 2020[3]
5.  Order on Status Hearing, October 5, 2020
6.  Dispute Certification Notice, November 18, 2020, and Employer's list of issues
7.  Employer's Prehearing Statement

---

[3] The Court added this pleading to the Technical Record after the compensation hearing.

3

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on December 4, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Leonardo Calderon-Fuentes, Self-represented Employee | X | | 320 Welch Rd., Apt. G3 Nashville TN 37211 |
| Tyler Smith, Employer's attorney | | X | tsmith@lewisthomason.com rcorrigan@lewisthomason.com |

_____
Penny Shrum
WC.CourtClerk@tn.gov

4



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*